IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANE DOE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. PX-23-1617 |
| RICHARD ROE, | * | |
| Defendant. | * | |
| | * | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the "Motion to Vacate Order of Default and Extend Deadline to Answer Plaintiff's Complaint" ("Motion") filed by Defendant Richard Roe. ECF No. 55. On December 8, 2025, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Xinis referred this case to me for a report and recommendation on Plaintiff's Motion. ECF No. 58. Having considered the parties' submissions (ECF Nos. 55 & 56), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Defendant's Motion be denied.

**I.   Background**

Plaintiff filed her Complaint against Richard Roe and Smith High School on June 15, 2023, ECF No. 1, and an Amended Complaint against the same defendants on October 19, 2023, ECF No. 26. In both complaints, Plaintiff claimed that Richard Roe was liable to her for damages arising out of a "series of incidents of sexual harassment [and] sexual assault and battery." ECF No. 26 ¶ 1. Plaintiff's claims against Smith High School have been dismissed with prejudice, *see* ECF Nos. 50 & 51, leaving Richard Roe as the sole defendant. Richard Roe was personally served with

the Complaint on August 22, 2023, but he did not answer or otherwise respond to it.[1] ECF No. 24. On February 6, 2025, the Clerk entered an Order of Default against Richard Roe for his failure to plead or otherwise defend against the Complaint. ECF No. 52. Notice of default was sent to Richard Roe on the same day. ECF No. 54.

On March 5, 2025, Richard Roe filed the Motion to Vacate. ECF No. 55. Plaintiff filed an opposition in response to the Motion, ECF No. 56, but Richard Roe did not file a reply and the time for doing so has passed. *See* Loc. R. 105.2. The Motion is ripe for decision.

## II.  LEGAL ANALYSIS

### A.  Standard for Vacating Entry of Default

Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *See also G&G Closed Cir. Events, LLC v. Elevation Cigars & Lounge LLC*, No. DKC-23-2477, 2025 WL 3187089, at *2 (D. Md. Nov. 14, 2025). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D. Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may

---

[1] It does not appear that Richard Roe was initially served with the Amended Complaint (ECF No. 26). But because Richard Roe failed to appear to defend against the Complaint, and because the Amended Complaint did not assert new claims for relief against him, Plaintiff was not required to serve him with the Amended Complaint. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."). And in any event, on December 4, 2023, the Court granted Richard Roe leave to respond to the Amended Complaint, *see* ECF No. 31 at 1 n.1, but he failed to do so.

be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause." When deciding whether to vacate an entry of default, courts consider "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *see also Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 680 (D. Md. 2024). Motions to vacate entry of default are "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id.* (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). The Court will discuss each of the *Payne* factors below.

1. **Meritorious Defense**

Richard Roe states that he "may have meritorious defenses to Plaintiff's claims and is prepared, through undersigned counsel, to defend this case." ECF No. 55 at 2. He also notes that his counsel "needs additional time to investigate certain factual issues and legal matters prior to filing an appropriate response." *Id.* He says nothing more of his defense to Plaintiff's claims.

To demonstrate the possibility of a meritorious defense, a defendant must "make a factual showing that would permit a finding for the defaulting party." *Timilon*, 738 F. Supp. 3d at 680–81 (internal quotation marks and alterations omitted) (citing *Acosta v. Vera's White Sands Beach Club, LLC*, No. PX-16-782, 2019 WL 1767147, at *2 (D. Md. Apr. 22, 2019); *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) ("A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim.")). "A movant's burden for proffering a meritorious

defense is not onerous; all that is necessary 'is to allege sufficient facts that, if true, would constitute a defense.'" *Acosta*, 2019 WL 1767147, at *2 (quoting *Russell*, 2013 WL 66620, at *2); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

Richard Roe has not met this minimal burden. He has alleged no facts that would constitute a defense if they were accepted as true. He only hints at the possibility of discovering such facts at some unspecified future time. But a "meritorious defense must be more than a conclusory statement of fact." *Kihn v. Vavala*, No. PX-18-2619, 2019 WL 2492350, at *2 (D. Md. June 14, 2019); *see also Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 252 (4th Cir. 1967) (finding that a "bare allegation of a meritorious defense . . . . fell far short of providing the court with a satisfactory explanation of the merits of the defense"). Further, Richard Roe has not responded to Plaintiff's statement that his "guilty plea to sexual abuse of a minor which establishes liability for his sexual misconduct [in this case]." ECF No. 56-1 at 4. Because Richard Roe failed to make an evidentiary proffer or otherwise provide the Court with an explanation of the merits of his defense, the first *Payne* factor weighs against vacating entry of default.

### 2. Reasonable Promptness

Richard Roe states that he retained counsel on February 27, 2025, "to aid in . . . defense of the lawsuit." ECF No. 55 at 1. The Motion to Vacate was filed on March 5, 2025, which is 27 days after default was entered. The Motion was filed before the 30-day deadline set forth in the Notice of Default sent to Richard Roe. ECF No. 54.

"[A] party attempting to set aside an entry of default must act with reasonable promptness in responding to the entry of default." *Nat'l Liab. & Fire Ins. Co. v. Rooding*, No. ELH-15-2572, 2016 WL 5144493, at *7 (D. Md. Sept. 21, 2016) (internal quotation marks omitted). Because

4

Richard Roe filed the Motion within 30 days of the entry of default, as directed by the Notice of Default (ECF No. 54), I find that he acted with reasonable promptness. The second *Payne* factor weighs in favor of vacating entry of default.

### 3. Personal Responsibility of Defaulting Party and History of Dilatory Action

Richard Roe states that he was served with process on August 22, 2023, and acknowledges that his response would have been due by September 12, 2023. ECF No. 55 at 1. He explains that he did not answer or otherwise respond to the Complaint because he "had consulted a third party (and without divulging specific privileged information), he was under a misimpression that the School co-defendant would provide a defense to him." *Id.* at 2. Although Richard Roe admits that he was aware of this litigation, he does not specify with whom he consulted about his defense, nor does he explain why he believed that Defendant Smith High School would provide a defense for him.

The Court will address the third and fifth *Payne* factors together. "The third factor pertains to whether the defaulting party was personally responsible for the default and the fifth factor considers whether there is a history of dilatory action." *Timilon*, 738 F. Supp. at 682 (quoting *Nat'l Liab. & Fire*, 2016 WL 5144493, at *7). "In considering personal responsibility, district courts in the Fourth Circuit have found that default judgment is reserved only for cases where the party's noncompliance represents bad faith or complete disregard for the mandates of procedure and the authority of the trial court." *Timilon*, 738 F. Supp. at 682 (internal quotation marks omitted). The Fourth Circuit has instructed that "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728.

Richard Roe was aware that he was required to answer or otherwise respond to the Complaint, but he failed to do so. He was solely responsible for this failure. His statement that he had "consulted a third party" is vague and non-specific. Whatever this third party told him, the Court has no basis to find that Richard Roe was not personally responsible for failing to participate in this litigation before he filed the Motion to Vacate. The litigation went on for over 18 months before Richard Roe made an appearance in the case. And notably, the Court specifically granted Richard Roe leave to respond to the Amended Complaint, noting that he had previously failed to respond to the original Complaint. ECF No. 31 at 1 n.1. Still, Richard Roe failed to respond. Richard Roe had actual notice of this litigation and, by Judge Xinis's December 4, 2023 Order, he had actual notice that he had not responded to the Complaint or Amended Complaint. He is personally responsible for his extensive delay in appearing in this case. The third and fifth *Payne* factors weigh against vacating default.

### 4. Prejudice

"In the context of a motion to set aside an entry of default, as in other contexts, delay in and of itself does not constitute prejudice to the opposing party." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010). Plaintiff does not explain how she would be prejudiced if the Court vacates the entry of default. No discovery has been conducted in this case. And although the original Complaint was filed over two years ago, much of the delay in the case is due to Plaintiff's lack of diligence in prosecuting her claims. *See* ECF Nos. 33 & 44. The fourth *Payne* factor weighs in favor of vacating default.

### 5. Availability of Sanctions Less Drastic

Sanctions less drastic than default are available in this case, as they are in all cases. *Hall v. Halsted Fin. Servs./Fortiva*, No. 6:25-CV-68, 2025 WL 3298315, at *3 (W.D. Va. Nov. 26, 2025)

("Less drastic sanctions certainly exist—in vacating the Clerk's entry of default, the Court may impose other sanctions against the offending [party], such as awarding the non-movant's costs and attorney's fees.") (internal quotation marks omitted). Because less drastic sanctions are available, this factor weighs in favor of vacating the default.

### 6.  Vacating Entry of Default Is Not Warranted

Three factors weigh in favor of vacating default. Richard Roe took prompt steps to seek vacatur of the entry of default, the prejudice to Plaintiff that would result from vacating default is minimal, and the less drastic sanction of shifting attorney's fees is available to the Court. But the most important factors weigh against vacatur. Richard Roe has not proffered a meritorious defense. He has not even attempted to rebut Plaintiff's assertion that his criminal conviction for sexual abuse of a minor makes him liable to Plaintiff in this case. And Richard Roe is personally responsible for the default. He was personally served with process, he was aware of this litigation and the nature of Plaintiff's claims, and he was given a second opportunity to respond to the Amended Complaint, even though he failed to respond to the original Complaint. Still, Richard Roe declined to participate in this litigation. Nothing suggests that his default was caused by anything other than his personal choice. Even considering the strong preference for disputes brought before this Court to be resolved on their merits, the *Payne* factors weigh against vacating the default. Accordingly, I find that Richard Roe has not shown good cause to vacate the entry of default.

## III.  Conclusion

For the reasons set forth above, I find that Richard Roe has not shown that he is entitled to vacatur of the entry of default. I recommend that the Motion to Vacate (ECF No. 55) be denied.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


December 11, 2025                                             /s/
Date                                                  Timothy J. Sullivan
                                                      Chief United States Magistrate Judge